UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/17/13

IN RE CITIGROUP INC. BOND LITIGATION

Master File No. 08 Civ. 9522 (SHS)

ECF Case

## JUDGMENT APPROVING CLASS ACTION SETTLEMENT
## AND ORDER OF DISMISSAL WITH PREJUDICE

WHEREAS, a consolidated securities action is pending in this Court entitled *In re Citigroup Inc. Bond Litigation,* Master File No. 08 Civ. 9522 (SHS) (S.D.N.Y.) (the "Action" or "Bond Action");

WHEREAS, (i) Bond Plaintiffs, individually and on behalf of the proposed Bond Class (as hereinafter defined), and (ii) defendants Citigroup Inc. ("Citigroup"); Citigroup Funding, Inc. ("Citigroup Funding"); Citigroup Capital XIV, Citigroup Capital XV, Citigroup Capital XVI, Citigroup Capital XVII, Citigroup Capital XVIII, Citigroup Capital XIX, Citigroup Capital XX, and Citigroup Capital XXI (the "Citigroup Trusts"); C. Michael Armstrong; Alan J.P. Belda; Sir Winfried Bischoff; Michael Conway; Gary Crittenden; George David; Kenneth T. Derr; John M. Deutch; Scott Freidenrich; James Garnett; John C. Gerspach; Ann Dibble Jordan; Klaus Kleinfeld; Sallie L. Krawcheck; Andrew N. Liveris; Dudley C. Mecum; Anne Mulcahy; Vikram Pandit; Richard D. Parsons; Charles Prince; Roberto Hernández Ramírez; Judith Rodin; Saul Rosen; Robert E. Rubin; Robert L. Ryan; Franklin A. Thomas; Eric L. Wentzel; and David Winkler (the "Individual Defendants"); and Banc of America Securities LLC; Barclays Capital Inc.; Citigroup Global Markets Inc.; Citigroup Global Markets Limited; Credit Suisse Securities (USA) LLC; Deutsche Bank Securities Inc.; Goldman, Sachs & Co.; Greenwich Capital Markets

Inc. (n/k/a RBS Securities Inc.); JPMorgan Chase & Co.; Merrill Lynch, Pierce, Fenner & Smith Inc.; Morgan Stanley & Co. Inc.; UBS Securities LLC; and Wachovia Capital Markets, LLC (n/k/a Wells Fargo Securities, LLC) (the "Underwriter Defendants") (collectively, the "Defendants" and, together with Bond Plaintiffs, the "Parties") entered into a Stipulation and Agreement of Settlement dated as of March 18, 2013 (the "Stipulation"), setting forth the terms and conditions of the Parties' proposed settlement (the "Settlement");

WHEREAS, the Complaint in this Action originally included the Tolled Underwriter Defendants;

WHEREAS, on February 11, 2009, Bond Plaintiffs and the Tolled Underwriter Defendants entered into a tolling agreement and, on February 17, 2009, a Stipulation and Order was entered dismissing the claims against the Tolled Underwriter Defendants without prejudice;

WHEREAS, by Order dated March 25, 2013 (the "Preliminary Approval Order"), this Court (i) preliminarily approved the Settlement; (ii) certified the Bond Class solely for purposes of effectuating the Settlement; (iii) ordered that notice of the proposed Settlement be provided to potential Bond Class Members; (iv) provided Bond Class Members with the opportunity either to exclude themselves from the Bond Class or to object to the proposed Settlement; and (v) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Bond Class;

WHEREAS, the Court conducted a hearing on July 23, 2013 (the "Settlement Hearing") to consider, among other things, (i) whether the terms and conditions of the Settlement are fair, reasonable and adequate, and in the best interests of Bond Plaintiffs and the other Bond Class Members, and should therefore be approved; and (ii) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

2

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Bond Class Members.

2. **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on March 18, 2013; and (b) the Notice and the Summary Notice, both of which were filed with the Court on June 7, 2013. Unless otherwise defined herein, all capitalized terms shall have the same meaning as they have in the Stipulation, including, but not limited to, the following terms:

(a) "Bond Class" means, for settlement purposes only, all persons and entities who purchased or otherwise acquired, from May 11, 2006 through and including November 28, 2008 (the "Settlement Class Period"), the debt securities (including certain medium term notes), series of preferred stock and certain series of depository shares representing interests in preferred stock, in or traceable to the offerings of the Bond Class Securities, and were damaged thereby. Excluded from the Bond Class are Defendants, the Tolled Underwriter Defendants, the respective affiliates of the Defendants and the Tolled Underwriter Defendants, persons who served as Officers or Directors of any of the Defendants or the Tolled Underwriter Defendants at any time during the Settlement Class Period, members of their Immediate Families and their legal representatives, heirs, successors or assigns, trustees of the Citigroup Trusts, and any entity

3

in which any Defendant or Tolled Underwriter Defendant has or had a controlling interest, *provided, however*, that any Investment Vehicle (as defined herein) shall not be excluded from the Bond Class. Also excluded from the Bond Class are any Persons who submit an Exclusion Request.

(b) "Bond Class Securities" means the following securities: (i) Citigroup Floating Rate Notes due 2011 (CUSIP 172967DL2); (ii) Citigroup Floating Rate Subordinated Notes due 2016 (CUSIP 172967DM0); (iii) Citigroup 5.850% Notes due 2013 (CUSIP 172967DP3); (iv) Citigroup 5.85% Notes due 2016 (CUSIP 172967DQ1); (v) Citigroup 6.125% Subordinated Notes due 2036 (CUSIP 172967DR9); (vi) Citigroup Floating Rate Subordinated Notes due 2036 (CUSIP 172967DS7); (vii) Citigroup 5.10% Notes due 2011 (CUSIP 172967DU2); (viii) Citigroup Floating Rate Notes due 2009 (CUSIP 172967DW8); (ix) Citigroup 5.5% Subordinated Notes due 2017 (CUSIP 172967DY4); (x) Citigroup 5.250% Notes due 2012 (CUSIP 172967DZ1); (xi) Citigroup Floating Rate Notes due 2014 (CUSIP 172967EA5); (xii) Citigroup 5.875% Notes due 2037 (CUSIP 172967EC1); (xiii) Citigroup Floating Rate Notes due 2010 (CUSIP 172967EG2); (xiv) Citigroup 6.00% Notes due 2017 (CUSIP 172967EH0); (xv) Citigroup 5.500% Notes due 2012 (CUSIP 172967EJ6); (xvi) Citigroup 5.300% Notes due 2012 (CUSIP 172967EL1); (xvii) Citigroup 6.125% Notes due 2017 (CUSIP 172967EM9); (xviii) Citigroup Depositary Shares Each Representing a 1/1,000th Interest in a Share of 6.5% Non-Cumulative Convertible Preferred Stock, Series T (CUSIP 172967598); (xix) Citigroup Depositary Shares Each Representing a 1/1,000th Interest in a Share of 8.125% Non-Cumulative Convertible Preferred Stock, Series AA (CUSIP 172967572); (xx) Citigroup 6.875% Notes due 2038 (CUSIP 172967EP2); (xxi) Citigroup 5.500% Notes due 2013 (CUSIP 172967EQ0); (xxii) Citigroup Depositary Shares Each Representing a 1/25th Interest in

4

a Share of 8.40% Fixed Rate/Floating Rate Non-Cumulative Preferred Stock, Series E (CUSIP 172967ER8); (xxiii) Citigroup 6.125% Notes due 2018 (CUSIP 172967ES6); (xxiv) Citigroup Floating Rate Notes due 2018 (CUSIP 172967ET4); (xxv) Citigroup Depositary Shares Each Representing a 1/1,000th Interest in a Share of 8.50% Non-Cumulative Preferred Stock, Series F (CUSIP 172967556); (xxvi) Citigroup 6.500% Notes due 2013 (CUSIP 172967EU1); (xxvii) Citigroup Funding Medium Term Notes, Series D, maturing on May 25, 2022 (CUSIP 1730T0CR8); (xxviii) Citigroup Funding Medium Term Notes, Series D, maturing on October 22, 2009 (CUSIP 1730T0EK1); (xxix) Citigroup Funding Medium Term Notes, Series D, maturing on May 7, 2010 (CUSIP 1730T0FV6); (xxx) Citigroup Funding Medium Term Notes, Series D, maturing on May 28, 2013 (CUSIP 1730T0EP0); (xxxi) Citigroup Funding Medium Term Notes, Series D, maturing on June 26, 2013 (CUSIP 1730T0GB9); (xxxii) Citigroup Capital XIV 6.875% Enhanced Trust Preferred Securities (CUSIP 17309E200); (xxxiii) Citigroup Capital XV 6.50% Enhanced Trust Preferred Securities (CUSIP 17310G202); (xxxiv) Citigroup Capital XVI 6.45% Enhanced Trust Preferred Securities (CUSIP 17310L201); (xxxv) Citigroup Capital XVII 6.35% Enhanced Trust Preferred Securities (CUSIP 17311H209); (xxxvi) Citigroup Capital XVIII 6.829% Fixed Rate/Floating Rate Enhanced Trust Preferred Securities (CUSIP 172988AB3); (xxxvii) Citigroup Capital XIX 7.250% Enhanced Trust Preferred Securities (CUSIP 17311U200); (xxxviii) Citigroup Capital XX 7.875% Enhanced Trust Preferred Securities (CUSIP 173085200); and (xxxix) Citigroup Capital XXI 8.300% Enhanced Trust Preferred Securities (CUSIP 173094AA1).

(c)    "Bond Plaintiffs' Releasees" means Bond Plaintiffs and all other Bond Class Members, Bond Counsel, Bond Plaintiffs' Counsel and each of the respective present and former parents, subsidiaries, divisions and affiliates and their respective present and former

5

employees, members, partners, principals, officers, directors, attorneys, advisors, accountants, auditors, and insurers of each of them; and the predecessors, successors, estates, heirs, executors, trusts, trustees, administrators, agents, representatives and assigns of each of them, in their capacity as such.

(d)     "Defendants' Releasees" means the Defendants, Tolled Underwriter Defendants, and their respective present and former parents, subsidiaries, divisions and affiliates and the respective present and former employees, members, partners, principals, officers, directors, attorneys, advisors, accountants, auditors, and insurers of each of them; and the predecessors, successors, estates, heirs, executors, trusts, trustees, administrators, agents, representatives and assigns of each of them, in their capacity as such.

(e)     "Excluded Claims" means (i) any claims asserted in *In re Citigroup Inc. Securities Litigation*, No. 07 Civ. 9901 (SHS); and (ii) any claims of any Person that submits an Exclusion Request.

(f)     "Exclusion Request" means (i) a request for exclusion that (a) states the name, address and telephone number of the person or entity requesting exclusion; (b) states that such person or entity "requests exclusion from the Bond Class in *In re Citigroup Inc. Bond Litigation*, Master File No. 08 Civ. 9522 (SHS)"; (c) states the number of each Bond Class Security (in terms of shares and face value of notes) that the person or entity requesting exclusion purchased/acquired during the Settlement Class Period (*i.e.*, from May 11, 2006 through and including November 28, 2008), as well as the dates and prices of each such purchase/acquisition; (d) states the number of each Bond Class Security (in terms of shares and face value of notes) that the person or entity requesting exclusion sold or disposed of during the Settlement Class Period or thereafter through the close of trading on March 18, 2013, as well as

the dates and prices of each such sale; and (e) is signed by such person or entity requesting exclusion or an authorized representative; or (ii) a request for exclusion that is otherwise accepted by the Court.

(g) "Investment Vehicle" means any investment company or pooled investment fund, including but not limited to mutual fund families, exchange-traded funds, fund of funds and hedge funds, in which any Defendant or Tolled Underwriter Defendant has or may have a direct or indirect interest, or as to which its affiliates may act as an investment advisor but in which the Defendant or Tolled Underwriter Defendant or any of their respective affiliates is not a majority owner or does not hold a majority beneficial interest.

(h) "Released Bond Plaintiffs' Claims" means any and all claims and causes of action of every nature and description, including both known claims and Unknown Claims, whether based on federal, state, local or foreign statutory law or common law, rule or regulation, whether fixed or contingent, foreseen or unforeseen, matured or unmatured, accrued or unaccrued, liquidated or unliquidated, whether direct, representative, class or individual in nature, that Bond Plaintiffs or any other member of the Bond Class (a) asserted in the Action, or (b) could have asserted against any of the Defendants' Releasees in any forum that (i) arise out of, are based upon or are related to the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint and (ii) arise out of or are based upon the purchase or other acquisition, sale or holding of Bond Class Securities during the Settlement Class Period. Released Bond Plaintiffs' Claims do not include, release, bar, or waive any of the Excluded Claims. For the sake of clarity, no claims are being released with respect to securities not covered by the Bond Class definition. Additionally, Released Bond Plaintiffs' Claims do not include claims relating to the enforcement of the Settlement.

(i)     "Released Defendants' Claims" means any and all claims and causes of action of every nature and description, including both known claims and Unknown Claims, whether based on federal, state, local or foreign statutory law or common law, rule or regulation, whether fixed or contingent, foreseen or unforeseen, matured or unmatured, accrued or unaccrued, liquidated or unliquidated, against each and any of the Bond Plaintiffs' Releasees that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in this Action, by Bond Plaintiffs, the Bond Class and their counsel, including Bond Counsel, except for claims relating to the enforcement of the Settlement. Released Defendants' Claims do not include, release, bar or waive claims against any Person who submits an Exclusion Request.

(j)     "Tolled Underwriter Defendants" means A.G. Edwards & Sons, Inc.; ABN AMRO Inc.; Apex Pryor Securities; Barclays Bank PLC; B.C. Ziegler and Company; BB&T Capital Markets; Blaylock Robert Van, LLC; BNP Paribas Securities Corp.; C.L. King & Associates, Inc.; Cabrera Capital Markets, LLC; CastleOak Securities, L.P.; Charles Schwab & Co.; Comerica Securities Inc.; Credit Suisse Securities (Europe) Limited; Crowell, Weedon & Co.; D.A. Davidson & Co.; Danske Bank A/S; Davenport & Company LLC; Deutsche Bank AG, London Branch; Doley Securities, LLC; Ferris, Baker, Watts, Inc.; Fidelity Capital Markets, a division of National Financial Services LLC; Advisors Asset Management, Inc. (f/k/a Fixed Income Securities, LP); Fortis Bank NV-SA; Guzman & Co.; H&R Block Financial Advisors Inc.; HSBC Securities (USA) Inc.; ING Belgium, SA; J.J.B. Hilliard, W.L. Lyons, Inc.; J.P. Morgan Securities Inc.; Jackson Securities LLC; Janney Montgomery Scott LLC; Jefferies & Company, Inc.; Keefe, Bruyette & Woods, Inc.; KeyBanc Capital Markets; Loop Capital Markets, LLC; Melvin Securities, L.L.C.; Mesirow Financial, Inc.; Morgan Keegan & Company,

8

Inc.; Muriel Siebert & Co.; nabCapital Securities, LLC; Oppenheimer & Co., Inc.; Pershing LLC; Piper Jaffray & Co.; Raymond James & Associates, Inc.; RBC Capital Markets Corporation; RBC Dain Rauscher Inc.; Robert W. Baird & Co., Inc.; The Royal Bank of Scotland plc; Ryan Beck & Co., Inc.; Samuel A. Ramirez & Co., Inc.; Sandler O'Neill & Partners, L.P.; SBK-Brooks Investment Corp.; Stifel, Nicolaus & Company, Inc.; Stone & Youngberg LLC; SunTrust Robinson Humphrey, Inc.; TD Ameritrade, Inc.; TD Securities (USA) LLC; Toussaint Capital Partners, LLC incorrectly named as Toussaint Capital Markets, LLC; UBS Limited; Utendahl Capital Partners, L.P.; Wedbush Morgan Securities Inc. (n/k/a Wedbush Securities Inc.); Wells Fargo Investments, LLC; William Blair & Company L.L.C.; and The Williams Capital Group, L.P.

3. **Certification of the Bond Class for Settlement Purposes** – The Court hereby affirms its determinations in the Preliminary Approval Order certifying, for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of all persons and entities who purchased or otherwise acquired, from May 11, 2006 through and including November 28, 2008 (the "Settlement Class Period"), the debt securities (including certain medium term notes), series of preferred stock and certain series of depository shares representing interests in preferred stock, in or traceable to offerings of the Bond Class Securities, and were damaged thereby (the "Bond Class"). Excluded from the Bond Class are Defendants, the Tolled Underwriter Defendants, the respective affiliates of the Defendants and the Tolled Underwriter Defendants, persons who served as Officers and Directors of any of the Defendants or the Tolled Underwriter Defendants at any time during the Settlement Class Period, members of their Immediate Families and their legal representatives, heirs, successors or assigns, trustees of the Citigroup Trusts, and any entity in which any

9

Defendant or Tolled Underwriter Defendant has or had a controlling interest, *provided, however*, that any Investment Vehicle shall not be excluded from the Bond Class. Also excluded from the Bond Class are the Persons listed on Exhibit 1 hereto, who are excluded from the Bond Class pursuant to request.

4.    **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Bond Plaintiffs as class representatives for the Bond Class and appointing Bond Counsel as class counsel for the Bond Class. Bond Plaintiffs and Bond Counsel have fully and adequately represented the Bond Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5.    **Notice** – The Court finds that the dissemination of the Notice and the publication of the Summary Notice: (i) were implemented in accordance with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated, under the circumstances, to apprise Bond Class Members (a) of the effect of the Settlement (including the Releases provided for therein), (b) of Bond Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, (c) of their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Bond Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, (d) of their right to exclude themselves from the Bond Class, and (e) of their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice of the proposed Settlement; and (v) satisfied the requirements of Rule 23 of the Federal

10

Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 77z-1(a)(7), and all other applicable laws and rules.

6. **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in *for the reasons set forth in the Opinion and Order dated 8/20/13,* accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and *2013 WL 4427195 (SDNY Aug 20, 2013)* finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein, including the release of the Released Bond Plaintiffs' Claims as against the Defendants' Releasees; and the dismissal with prejudice of claims against Defendants), and finds that the Settlement is, in all respects, fair, reasonable and adequate, and is in the best interests of Bond Plaintiffs and the other Bond Class Members. The Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

7. The Action and all of the claims against Defendants by Bond Plaintiffs and the other Bond Class Members are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

8. Without further action by anyone, upon the Effective Date of the Settlement, the February 17, 2009 dismissal of the Tolled Underwriter Defendants without prejudice is converted to a dismissal with prejudice.

9. **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Bond Plaintiffs and all other Bond Class Members (regardless of whether or not any individual Bond Class Member submits a Proof of Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective heirs, executors, administrators, predecessors, successors, affiliates and assigns. The Persons listed on Exhibit 1

11

hereto are excluded from the Bond Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.

10.    **Releases -**

(a)    Without further action by anyone, and subject to paragraphs 11 and 12 below, upon the Effective Date of the Settlement, Bond Plaintiffs and each of the other Bond Class Members, on behalf of themselves, their heirs, executors, administrators, predecessors, successors, affiliates and assigns, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, discharged and dismissed each and every Released Bond Plaintiffs' Claim against the Defendants and the other Defendants' Releasees and shall forever be enjoined from prosecuting any or all of the Released Bond Plaintiffs' Claims against any of Defendants' Releasees. This Release shall not apply to any Person listed on Exhibit 1 hereto.

(b)    Without further action by anyone, and subject to paragraphs 11 and 12 below, upon the Effective Date of the Settlement, each of the Defendants and each of the Tolled Underwriter Defendants, on behalf of themselves, their heirs, executors, administrators, predecessors, successors, affiliates and assigns, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, discharged and dismissed each and every Released Defendants' Claim against all of the Bond Plaintiffs' Releasees and shall forever be enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Bond Plaintiffs' Releasees. This Release shall not apply to any Person listed on Exhibit 1 hereto.

11.    Notwithstanding ¶¶ 10(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

12

12.     Notwithstanding ¶¶ 10(a) – (b) above, nothing in this Judgment shall release any of the Excluded Claims.

13.     **Complete Bar Order** –

(a)     Any and all Persons are permanently barred, enjoined and restrained, to the fullest extent permitted by applicable law, from commencing, prosecuting or asserting any claim for indemnity or contribution against any Defendants' Releasees (or any other claim against any Defendants' Releasees where the alleged injury to such Person is that Person's actual or threatened liability to the Bond Class or a Bond Class Member in the Action), based upon, arising out of or related to the Released Bond Plaintiffs' Claims, whether arising under state, federal or foreign law, as claims, cross-claims, counterclaims, or third-party claims, whether asserted in the Action, in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere. However, with respect to any judgment that the Bond Class or a Bond Class Member may obtain against such Person based upon, arising out of or relating to any Released Bond Plaintiffs' Claim belonging to the Bond Class or a Bond Class Member, that Person shall be entitled to a credit of the greater of (i) an amount that corresponds to the percentage of responsibility of the Defendants for the loss to the Bond Class or the Bond Class Member or (ii) the amount paid by or on behalf of the Defendants to the Bond Class or the Bond Class Member for common damages.

(b)     Except as provided in ¶ 13(d) below, each and every one of Defendants' Releasees is hereby permanently barred, enjoined and restrained, to the fullest extent permitted by applicable law, from commencing, prosecuting or asserting any claim for indemnity or contribution against any Person (or any other claim against any such Person where the alleged

13

injury to such Defendants' Releasee is that Defendants' Releasee's actual or threatened liability to the Bond Class or a Bond Class Member in the Action), based upon, arising out of or related to the Released Bond Plaintiffs' Claims, whether arising under state, federal, or foreign law, as claims, cross-claims, counterclaims, or third-party claims, whether asserted in the Action, in this Court, in any other federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere.

(c) Nothing in this Complete Bar Order shall prevent any Person listed on Exhibit 1 hereto from pursuing any Released Bond Plaintiffs' Claim against any Defendants' Releasees. If any such Person pursues any such Released Bond Plaintiffs' Claim against any Defendants' Releasees, nothing in this Complete Bar Order or in the Stipulation shall operate to preclude such Defendants' Releasees from asserting any claim of any kind against such Person, including any Released Defendants' Claims (or seeking contribution or indemnity from any Person, including any co-Defendant in the Action, in respect of the claim of such Bond Class Member who is excluded from the Bond Class pursuant to request as set forth on Exhibit 1 hereto).

(d) Notwithstanding anything in sub-paragraphs 13(a)-(c) above, nothing in the Stipulation or in sub-paragraphs 13(a)-(c) above shall operate to (a) preclude the Defendants' Releasees from asserting any claims against their own insurers; (b) preclude the Defendants or any other Person from asserting any claims, including claims for contribution or indemnity, against any Person, including any Defendant in this Action, in connection with or arising out of the Excluded Claims; (c) release or alter the contractual rights, if any, between or among the Underwriter Defendants, or between or among the Underwriter Defendants and Tolled Underwriter Defendants, relating to any Bond Class Securities; or (d) release or alter the

14

contractual rights, if any, between the Underwriter Defendants or Tolled Underwriter Defendants, on the one hand, and the Citigroup-Related Defendants, on the other hand, under any applicable agreements with respect to any right of indemnification or contribution with respect to any Bond Class Securities.

14.     **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the commencement, maintenance, prosecution, defense and settlement of the Action.

15.     **No Admissions** – Neither this Judgment, the Term Sheet, the Stipulation (whether or not consummated) nor their negotiation, nor any proceedings taken pursuant to them:

        (a)     shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Bond Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees;

        (b)     shall be offered against any of the Bond Plaintiffs' Releasees, as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Bond Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that the Parties and the Releasees and their respective counsel may refer to

15

them to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement;

(c)     shall be construed against any of Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; nor

(d)     shall they be construed against Bond Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

16.     **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Bond Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Bond Class Distribution Order; and (f) the Bond Class Members for all matters relating to the Action.

17.     Separate orders shall be entered regarding approval of a plan of allocation and the motion of Bond Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

18.     **Modification of the Agreement of Settlement** – Without further approval from the Court, Bond Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially

limit the rights of Bond Class Members in connection with the Settlement. Without further order of the Court, Bond Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

19.     **Termination** – If the Effective Date does not occur or the Settlement is terminated as provided in the Stipulation, then this Judgment (and any orders of the Court relating to the Settlement) shall be vacated, rendered null and void and be of no further force or effect, except as otherwise provided by the Stipulation. Within three (3) business days after joint written notification of termination is sent by counsel for Citigroup-Related Defendants and Bond Counsel to the Escrow Agent pursuant to the terms of the Escrow Agreement, the Settlement Fund (including accrued interest thereon and any funds received by Bond Counsel consistent with ¶ 21 of the Stipulation), less any expenses and any costs which have either been disbursed or incurred and chargeable to Notice and Administration Costs and less any Taxes paid or due or owing shall be refunded by the Escrow Agent to Citigroup. In the event that the funds received by Bond Counsel consistent with ¶ 21 of the Stipulation have not been refunded to the Settlement Fund within the three (3) business days specified in this paragraph, those funds shall be refunded by the Escrow Agent to Citigroup immediately upon their deposit into the Escrow Account consistent with ¶ 21 of the Stipulation.

20.     **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

17

08 Civ. 9522 (SHS)

SO ORDERED this ___17th___ day of ___September___, 2013.

_____
The Honorable Sidney H. Stein
United States District Judge

# 711510

18

## Exhibit 1

### Persons Excluded from the Bond Class Pursuant to Request

1. Mariane P. Arnold and
   Charles M. Arnold
   Camp Hill, PA

2. M. Joan Bienz and
   M. Joan Bienz IRA
   Austell, GA

3. Marilyn Carley and
   Marilyn Carley IRA
   Fayetteville, GA

4. Barbara L. Dellinger
   Solon, OH

5. Francis J. Detchemendy and
   Bebe J. Detchemendy
   Cornelius, NC

6. Halina Elron
   Tel Aviv, Israel

7. Charles Gruver
   Homerville, GA

8. Lillian K. Hale
   Dayton, NV

9. Dolores I. Heikkila
   Jackson, MI

10. Hoag Hospital Foundation
    Newport Beach, CA

11. Hoag Memorial Hospital
    Presbyterian
    Newport Beach, CA

12. Dan Johnson
    Millington, TN

13. Norman L. Juliot Family Trust,
    U/A DTD 11-15-1993 and
    Norman L. Juliot and
    Bonnie L. Juliot, individually and as
    trustees of the trust
    Brooklyn Park, MN

14. David C. Kave and
    David C. Kave IRA
    Yankton, SD

15. Adrienne Joan Kleindienst
    Moorestown, NJ

16. Steven M. Luurs and
    Steven M. Luurs IRA
    N. Muskegon, MI

17. Doris L. McCunn (deceased)
    by Thomas H. McCunn, Jr., Executor
    New Kensington, PA

18. Edith Naiser
    Houston, TX

19

| | | | |
|---|---|---|---|
| 19. | New Hope Mennonite Church<br>Belton, MO | 27. | Judith R. Verdoorn<br>Lady Lake, FL |
| 20. | Nykredit Realkredit A/S<br>Copenhagen, Denmark | 28. | Donald Vives<br>Auburn, AL |
| 21. | Commonwealth of<br>Pennsylvania – Public<br>School Employees'<br>Retirement System<br>Harrisburg, PA | 29. | Lionel Walters and<br>Lionel Walters IRA<br>Gainesville, VA |
| 22. | Pennsylvania Municipal<br>Retirement Board<br>Harrisburg, PA | 30. | Judy Y. Williams and<br>Judy Y. Williams IRA<br>Hapeville, GA |
| 23. | Laverne Z. Rowland<br>Elk Grove, CA | 31. | U/W Arthur Yatkin Prop Trust<br>FBO Shirley Yatkin et al.<br>(with assets held in account<br>identified in request for exclusion)<br>by W. Wechsler and J. Ratner,<br>Trustees<br>Avon, CT |
| 24. | John T. Schneider and<br>Rose O. Schneider<br>Toms River, NJ | 32. | Peter D. Pappas<br>Groton Long Point, CT |
| 25. | Donald L. Snowden<br>Cumming, GA | 33. | Maurice J. Mead<br>Neenah, WI |
| 26. | State of New Jersey,<br>Department of Treasury,<br>Division of Investment<br>("DOI") and the DOI Funds<br>it manages<br>Trenton, NJ | | |